**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MONSANTO COMPANY and ) | |
| MONSANTO TECHNOLOGY LLC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No: 4:05CV00554ERW |
| v. ) | |
| ) | |
| AMERICAN SEED COMPANY, INC. d/b/a ) | |
| AMERICAN SEED CO. d/b/a AMERICAN ) | |
| SEED CO. & CARLTON SNACK FOODS, ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT AND COUNTERCLAIMS OF DEFENDANT AMERICAN SEED COMPANY, INC.

Comes now American Seed Company, Inc. (hereinafter "American Seed") through its attorneys, and answer and respond to Plaintiff's Complaint, and asserts its counterclaims, as follows:

Responding to the Complaint, employing the paragraph numbers in the complaint:

1. American Seed is without knowledge of the allegations of paragraph 1, and therefore denies same and leaves Plaintiffs to their proof.

2. American Seed is without knowledge of the allegations of paragraph 2, and therefore denies same and leaves Plaintiffs to their proof.

3. Admitted.

4. Admitted that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 to the extent this action arises under the constitution, laws or treaties of the United States, and under 28 U.S.C. § 1338 as to the allegations of patent infringement. American Seed denies the remainder of this paragraph.

5. Denied that said forum selection clauses are valid and effective, and denied that venue is proper in this district.

6. American Seed is without knowledge of the allegations of paragraph 6, and therefore denies same and leaves Plaintiffs to their proof.

7. Admitted that the said patent issued and that Exhibit 6 appears to be a copy of said patent, but deny that said patent was duly and legally issued. The remainder of the allegations of paragraph 7 are denied.

8. American Seed is without knowledge as to the allegations in paragraph 8, and therefore denies same and leaves Plaintiffs to their proof.

9. American Seed is without knowledge as to the allegations in paragraph 9, and therefore denies same and leaves Plaintiffs to their proof.

10. American Seed is without knowledge as to the allegations in paragraph 10, and therefore deny same and leaves Plaintiffs to their proof.

11. American Seed is without knowledge as to the allegations in paragraph 11, except that a purported license of trademarks and patents was submitted to American Seed.

12. American Seed is without knowledge as to the allegations in paragraph 12, and hence denies same. Further, any such license agreements speak for themselves as to the terms of the agreements.

13. American Seed is without knowledge as to the allegations in paragraph 13, and hence denies same. Further, any such license agreements speak for themselves as to the terms of the agreements.

14. Admitted that American Seed entered into the agreements attached to the Complaint as Exhibits 1 through 5, which agreements speak for themselves as for their terms,

and the remainder of paragraph 14 is denied to the extent it is inconsistent with the express language of the agreement Exhibits 1 through 5.

15. Admitted that American Seed executed the Exhibit 1 document which Exhibit 1 document speaks for itself and American Seed denies the remainder of the allegations of paragraph 15 to the extent they are inconsistent with the express language of Exhibit 1.

16. Admitted that American Seed executed the Exhibit 2 document which Exhibit 2 document speaks for itself and American Seed denies the remainder of the allegations of paragraph 15 to the extent they are inconsistent with the express language of Exhibit 2.

17. Admitted that American Seed executed the Exhibit 3 document which Exhibit 3 document speaks for itself and American Seed denies the remainder of the allegations of paragraph 15 to the extent they are inconsistent with the express language of Exhibit 3.

18. Admitted that American Seed executed the Exhibit 4 document which Exhibit 4 document speaks for itself and American Seed denies the remainder of the allegations of paragraph 15 to the extent they are inconsistent with the express language of Exhibit 4.

19. Admitted that American Seed executed the Exhibit 5 document which Exhibit 5 document speaks for itself and American Seed denies the remainder of the allegations of paragraph 15 to the extent they are inconsistent with the express language of Exhibit 5.

20. The said license agreements speak for themselves as to their terminology and their construction, and American Seed denies the allegations of paragraph 20 to the extent the language of the documents is not explicitly set forth and properly construed.

21. Admitted that the trademark registrations shown in paragraph 26 and 27 of the Complaint have been issued, but denied that they have been duly and legally issued.

22. American Seed is without knowledge as to the allegations in paragraph 22, and therefore denies same and leaves Plaintiff to its proof.

23. American Seed is without knowledge as to the allegations in paragraph 23, and therefore denies same and leaves Plaintiff to its proof.

24. American Seed is without knowledge as to the allegations in paragraph 24, and therefore denies same and leaves Plaintiffs to their proof.

25. Denied.

26. Admitted that the trademark registrations shown in paragraph 26 of the Complaint have been issued, but denied that they have been duly and legally issued, or are incontestable.

27. Admitted that the trademark registrations shown in paragraph 27 of the Complaint have been issued, but denied that they have been duly and legally issued, or are incontestable.

28. The said license agreements speak for themselves as to their terminology and their construction, and American Seed denies the allegations of paragraph 28 to the extent the language of the documents is not explicitly set forth and properly construed.

29. Denied.

30. The said license agreements speak for themselves as to their terminology and their construction, and American Seed denies the allegations of paragraph 30 to the extent the language of the documents is not explicitly set forth and properly construed.

31. Denied.

32. The said license agreements speak for themselves as to their terminology and their construction, and American Seed denies the allegations of paragraph 32 to the extent the language of the documents is not explicitly set forth and properly construed.

33. Denied.

34. The said license agreements speak for themselves as to their terminology and their construction, and American Seed denies the allegations of paragraph 34 to the extent the language of the documents is not explicitly set forth and properly construed.

35. Denied.

36. The said license agreements speak for themselves as to their terminology and their construction, and American Seed denies the allegations of paragraph 36 to the extent the language of the documents is not explicitly set forth and properly construed.

37. Denied.

38. Denied that there was a material breach. Denied that there was any written notice of breach during the time period stated. However, one or two telephone calls were made at some time concerning reports. The other allegations of paragraph 38 are denied.

39. The said license agreements speak for themselves as to their terminology and their construction, and American Seed denies the allegations of paragraph 39 to the extent the language of the documents is not explicitly set forth and properly construed.

40. Denied.

41. Admitted that a letter dated February 11, 2005, was sent by Monsanto, which alleged that American Seed had failed to report 1,000 units of seed sold during the past two fiscal years, and gave notice of termination. A second Monsanto letter dated February 11, 2005, alleged breach of agreements. Those letters speak for themselves, and to the extent the paragraph 41 allegations are inconsistent therewith they are denied.

42. Admitted that Corn States Hybrid Service sent a letter dated March 17, 2005, to American Seed, and that Monsanto sent a letter dated March 17, 2005, to American Seed. The March 17 Corn States letter did not terminate the agreement, but gave 30 days in which to cure

5

breach.  In contradiction and inconsistent with the Corn States letter, Monsanto's March 17 letter stated termination of agreements.  Both letters are in violation of § 407.405 R.S. Mo. re premature termination notice.

43. Denied.

44. Denied that American Seed is advertising, selling and/or transferring the products as alleged.  Any advertising, selling or transferring in the past has been within American Seed's rights to do so.

45. American Seed's responses to the allegations to the paragraphs of the Complaint as stated, are herein incorporated by reference as if explicitly set forth.

46. Admitted that American Seed signed agreements during that time period.

47. Denied.

48. Admitted that some agreements called for reports on these dates while some did not.  It is noted that Monsanto fails to designate sections of the agreements that contain the purported language.  Otherwise, the allegations are denied.

49. Denied.

50. Admitted that agreements called for reporting on September 15, but deny the allegations to the extent inconsistent with the construction of the language of the agreements.

51. Denied.

52. Denied that breach has occurred.  Admitted a letter dated February 11, 2004, was sent by Monsanto concerning 2004 reports.  Otherwise the allegations of this paragraph are denied.

53. Defendant has provided information, produced documents and answered interrogatories which include information concerning the subject matter of the alleged reports,

6

and therefore this paragraph is denied to the extent it is inconsistent with such provision of information, answers and production.

54. Denied.

55. Denied.

56. This is not an allegation but a prayer for relief and is improperly pled. Subject to objection, the allegations are denied as proper relief.

57. American Seed's responses to the allegations to the paragraphs of the Complaint as stated, are herein incorporated by reference as if explicitly set forth.

58. Admitted that the said patent issued and that Exhibit 6 appears to be a copy of said patent, but deny that said patent was duly and legally issued. The remainder of the allegations of paragraph 58 are denied. Objection and that this allegation is a duplication of the allegations of paragraph 7.

59. Denied.

60. Admitted that a letter dated March 17, 2005 was sent by Monsanto, but was not received by American Seed on March 17, 2005. The letter stated that license agreements were terminated, but any attempt to terminate was wrongful and ineffective, and in violation of § 417-405, R.S.Mo.

61. Admitted that a letter dated March 17, 2005 was sent by Monsanto, but was not received by American Seed on March 17, 2005, which stated that license agreements were terminated, but any attempt to terminate was wrongful and ineffective, and in violation of § 417-405, R.S.Mo.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. American Seed's responses to the allegations to the paragraphs of the Complaint as stated, are herein incorporated by reference as if explicitly set forth.

68. Admitted that the Lanham Act contains such language, and further stated that the Lanham Act speaks for itself and is to be interpreted within the entirety of the language of the Act.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. American Seed's responses to the allegations to the paragraphs of the Complaint as stated, are herein incorporated by reference as if explicitly set forth.

76. Admitted that the Lanham Act contains such language, and further stated that the Lanham Act speaks for itself and is to be interpreted within the entirety of the language of the Act.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. American Seed's responses to the allegations to the paragraphs of the Complaint as stated, are herein incorporated by reference as if explicitly set forth.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. American Seed's responses to the allegations to the paragraphs of the Complaint as stated, are herein incorporated by reference as if explicitly set forth.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. American Seed's responses to the allegations to the paragraphs of the Complaint as stated, are herein incorporated by reference as if explicitly set forth.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

## AFFIRMATIVE DEFENSES

Further pleading, Defendant/Counterclaimant states as follows:

103. The Complaint fails to state a claim upon which relief can be granted.

104. The trademarks and trademark registrations alleged by Monsanto in the Complaint are invalid and unenforceable and should be cancelled.

105. The patent 5,352,605 is invalid or unenforceable for failure to comply with one or more of 35 U.S.C. Sections 102, 103. 112, 115, 116 or patent misuse and unclean hands.

106. The alleged patent, trademarks and associated trademark registrations alleged by Monsanto in the Complaint have been misused by Monsanto and its controlled company Corn States Hybrid Service (hereafter "Corn States") through attempts to assert and enforce an unconscionable, oppressive and overreaching franchise/license agreements alleged in the Complaint to be breached, and by interactions and communications with Defendant/Counterclaimant American Seed, and said alleged patent, trademarks and the associated registrations are therefore invalid and unenforceable, and should be cancelled.

107. The franchise/license agreements alleged in the Complaint are unenforceable and ineffective because they are unconscionable, unreasonable, oppressive and overreaching, and are being used to take advantage of a small business operation by imposition of onerous and unreasonable terms.

108. Monsanto has failed to comply with the Missouri Franchise Statutes §§ 407.400-407.420.

109. Monsanto failed to give 90 days notice of cancellation or termination of the franchise, before giving its notice of termination set forth in the Complaint, as required by § 407.405, R.S.Mo.

110. Monsanto has not performed conditions precedent necessary to enforce terms under the agreements alleged to have been breached.

111. Monsanto cannot assert rights existing under the agreements alleged to be breached because of laches.

112. Monsanto is collaterally estopped from asserting any rights allegedly existing under agreements alleged to have been breached.

113. By its course of conduct, Monsanto has waived it rights to assert noncompliance with terms in the agreements that have been alleged to have been breached.

114. This court lacks personal jurisdiction over Defendant.

**WHEREFORE**, Defendant pray this Court to:

A. Dismiss Monsanto's complaint with prejudice;

B. Deny Monsanto any and all prayers for relief;

C. Award Defendant its costs and reasonable attorney's fees incurred in defending this matter; and

D. Award Defendant any such other and further relief as the Court deems just and proper under the circumstances.

## COUNTERCLAIMS

Defendant/Counterclaimant American Seed Company, Inc. (hereafter "American Seed" or "Defendant/Counterclaimant") hereby states its counterclaim as follows:

11

115. American Seed is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business in Spring Grove, Pennsylvania 17362.

116. Monsanto Company has asserted in the Complaint that it is a company organized and existing under the laws of the state of Delaware with a principal place of business in St. Louis, Missouri.

117. Monsanto Technology LLC has alleged in the Complaint that it is a company organized and existing under the laws of the state of Delaware with its principal place of business in St. Louis, Missouri.  Hereafter, both Monsanto Company and Monsanto Technology LLC are collectively referred to herein as "Monsanto".

118. This is a counterclaim for unfair competition, unfair trade practices under state and federal law, violation of Missouri's Franchise Statute §§ 417.400-407.420 R.S.Mo. and Federal Franchise Statutes and Regulations, and Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202, in respect to an actual controversy under the Patent Laws of the United States (U.S.C. § 1 *et seq.*), and under the Lanham Act, 15 U.S.C. §§ 1051 through 1127; and further arises through this Court's jurisdiction under 28 U.S.C. § 1337; 28 U.S.C. § 1338 (a) and (b); 28 U.S.C. § 1332, and 28 U.S.C. §1367(a).

119. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c).

120. By its Complaint filed in this case, Monsanto has alleged that the counterclaimant American Seed has infringed trademarks, a patent, breached franchise/license agreements, infringed common law trademark rights, and engaged in unfair competition and false designation of origin.

121. The charges of infringement, breach of contract, unfair competition and false designation of origin constitute a grave and wrongful interference with the business of American Seed, in violation of the Lanham Act, Patent Act, Missouri Law including common law. The threats and actions taken by Monsanto create an actual controversy within the scope of 28 U.S.C. § 2201.

122. The responses of paragraphs 1 through 114 herein are incorporated by reference.

## COUNT I

123. Defendant/Counterclaimants American Seed reasserts and incorporates by reference herein all their allegations contained in Paragraphs 115 – 122 of this Counterclaim hereinabove as if fully set forth.

124. Monsanto has asserted in its Complaint that American Seed has breached agreements between the parties, which it seeks to enforce.

125. The agreements Monsanto has alleged to have been breached are invalid and/or unenforceable for one or more of the following reasons:

    a. The said agreements are unconscionable, unreasonable, oppressive and overreaching, and are being used to take advantage of a small business operation by imposition of onerous and unreasonable terms;

    b. Monsanto has not performed conditions precedent necessary to enforce any terms allegedly existing under the alleged agreements;

    c. Monsanto is estopped to assert rights allegedly existing under the alleged agreements;

    d. Monsanto is collaterally estopped from asserting any rights allegedly existing under the alleged agreements;

    e.    Monsanto failed to comply with Missouri's Franchise Statute, §§ 417.400-407.420;

    f.    Monsanto failed to provide at least 90 days written notice to Defendant/Counterclaimant of cancellation or termination of the franchise agreements, prior to termination of the franchise agreements; and/or

    g.    By its course of conduct, Monsanto has waived it rights to assert noncompliance with terms in the agreements that have been alleged to have been breached.

126.    Defendant/Counterclaimant has suffered damages as a result of Monsanto's aforesaid conduct.

127.    Monsanto's actions have been egregious and willful, and have caused substantial injury to Defendant/Counterclaimant.

128.    Defendant/Counterclaimant does not have an adequate remedy at law.

## COUNT II

129.    Defendant/Counterclaimant reassert and incorporate by reference herein all their allegations contained in Paragraphs 115 – 128 of this Counterclaim hereinabove as if fully set forth.

130.    The alleged trademarks and registrations for Roundup and Yieldgard, and registrations therefore, are invalid and/or unenforceable for one or more of the following reasons:

    a.    Monsanto has misused its alleged trademark through its attempts to assert and enforce an unconscionable, oppressive Franchise Agreements and by its failure to comply with franchise laws, and by its interactions and communications with American Seed;

      b.      Monsanto's unclean hands.

131.    Defendant/Counterclaimant has not infringed Monsanto's alleged trademarks, committed unfair competition or engaged in false designation of origin.

132.    Monsanto's actions have been egregious and willful, and have caused substantial injury to Defendant/Counterclaimant.

133.    Defendant/Counterclaimant does not have an adequate remedy at law.

## COUNT III

134.    Defendant/Counterclaimant hereby alleges and incorporates by reference each and every allegation in paragraphs 115 through 133 herein.

135.    American Seed has not infringed any claim of Patent No. 5,352,605, (hereafter " '605 patent") alleged to have been infringed by Monsanto.

136.    The claims of the '605 Patent are invalid, void and/or unenforceable for one or more of the following reasons:

      a.      Monsanto has misused the '605 Patent through attempts to improperly enforce franchise/license agreements in violation of §§ 407.400-407.420, R.S. Mo.;

      b.      Monsanto has misused the '605 Patent through unconscionable, oppressive, and onerous attempts to assert agreements;

      c.      The claims of the '605 Patent are invalid under 35 U.S.C. § 103;

      d.      The claims of the '605 Patent are invalid under 35 U.S.C. § 102;

      e.      The '605 Patent does not comply with the requirements of 35 U.S.C. § 112; and/or

      f.      Failure to comply with 35 U.S.C. § 115 and/or 116.

# **RELIEF**

WHEREFORE, counterclaimant pray that:

A. U.S. Trademark Registration Nos. 1,889,104; 2,101,872; 2,302,733; 2,097,766; 2,257,441; and 2,103,941, which said registrations are set forth in paragraphs 26 and 27 of the Monsanto's Complaint herein, be cancelled;

B. Declare that Defendant/Counterclaimant has not infringed Monsanto's trademarks, committed unfair competition or engaged in false designation of origin;

C. Declare the franchise/license agreement's asserted in Monsanto's Complaint are unenforceable and unconscionable, and not binding on Defendant/Counterclaimant;

D. Declare that Defendant/Counterclaimant has not breached any contract or agreement with Monsanto;

E. Declare the '605 Patent to be non-infringed by American Seed, unenforceable, invalid and void.

F. Award Defendant/Counterclaimant its damages for the wrongful assertions by Monsanto of trademark infringement, unfair competition, patent infringement, false designation of origin and breach of contract, and for wrongful noncompliance with Missouri and Federal Laws and regulations governing franchisees;

G. Award Defendant/Counterclaimant punitive damages and enhanced damages for Monsanto's conduct;

H. Award Defendant/Counterclaimant its costs and reasonable attorney's fees; and

I. Award Defendant/Counterclaimant any such other and further relief as the Court deems just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Defendant/Counterclaimant demands trial by jury on all issues raised in the Complaint, Answer and Counterclaims, which are triable by jury.

Respectfully Submitted,

By: s\McPherson D. Moore
McPherson D. Moore, E.D. MO. # 3890
Ned W. Randle, E.D. MO. #8788
POLSTER, LIEDER, WOODRUFF & LUCCHESI, L.C.
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri  63131
(314) 238-2400 Phone
(314) 238-2401 Facsimile
E-mail: mmoore@patpro.com

ATTORNEYS FOR DEFENDANT

Walter A. Tilley, III
Stetler & Gribbin
138 East Market Street, P.O. Box 2588
York, Pennsylvania 17405-2588
(717) 854-9506
(717) 845-4931 fax
email:  Wat@Stetlergribbin.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2005, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Joseph C. Orlet
Matthew R. Grant
Husch & Eppenberger, LLC
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500
(314) 480-1505 (fax)

Attorneys for Plaintiffs

s/McPherson D. Moore
Polster, Lieder, Woodruff & Lucchesi
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri  63131-3615
(314) 238-2400 (phone)
